**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

LORI W. WILL
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

Date Submitted: September 28, 2023
Date Decided: October 19, 2023

Thomas W. Briggs, Jr., Esquire
Alexandra M. Cumings, Esquire
Alec Hoeschel, Esquire
Morris, Nichols, Arsht
    & Tunnell LLP
1201 North Market Street
Wilmington, Delaware 19801

Martin S. Lessner, Esquire
Elisabeth S. Bradley, Esquire
M. Paige Valeski, Esquire
Young Conaway Stargatt
    & Taylor, LLP
1000 North King Street
Wilmington, Delaware 19801

RE:   *REM OA Holdings, LLC, et al. v. Northern Gold Holdings, LLC,*
       C.A. No. 2022-0582-LWW

Dear Counsel:

I write regarding Northern Gold Holdings, LLC's Motion for

Reconsideration (the "Motion") pursuant to Court of Chancery Rule 59(f). The

Motion concerns my September 20, 2023 Post-Trial Memorandum Opinion (the

"Post-Trial Opinion"). The Motion is denied for the reasons that follow.

I.     BACKGROUND

The facts of this case are described in detail in the Post-Trial Opinion.[1] In

that decision, I granted judgment for plaintiffs REM OA Holdings, LLC and SIFT

---

[1] Post-trial Mem. Op. (Dkt. 198) ("Post-trial Op."). Capitalized terms in this letter have the definitions set forth in the Post-Trial Opinion.

Fixed US002, LLC. I concluded that immediately before the Capital Raise, SIFT Fixed was a 2.5% member of the Company, REM OA was a 48.75% member of the Company, and Northern Gold was a 48.75% member of the Company.[2]

In coming to this conclusion, I considered whether Northern Gold authorized the issuance of warrants to SIFT in approving the Commitment Letter. I addressed the enforceability of the Warrant Agreement, and considered whether its terms materially differ from the Commitment Letter that Northern Gold authorized.[3] And I held that the Commitment Letter was "expressly subject to future 'definitive documentation'" and superseded by the Warrant Agreement, "which contains an integration clause."[4]

Northern Gold has now moved for reconsideration. It argues that the "Commitment Letter unambiguously provided the material terms and conditions for issuing the Warrants" and that, because Northern Gold "did not enter into an agreement containing pre-emptive rights" as addressed in the Commitment Letter, the court erred in finding that the subsequent Warrant Agreement was validly

---

[2] *Id.* at 76.

[3] *Id.* at 66. This argument was given limited attention by Northern Gold in its 106-page post-trial answering brief. *See* Northern Gold's Post-trial Answering Br. (Dkt. 183) 60. It is the sole focus of the Motion.

[4] Post-trial Op. 66.

entered into by the Company.[5]  The plaintiffs oppose the Motion because, among other reasons, the matter was squarely addressed in the Post-Trial Opinion.[6]

## II.   ANALYSIS

"The manifest purpose of all Rule 59 motions is to afford the Trial Court an opportunity to correct errors prior to appeal."[7]  The movant bears a "heavy burden."[8]  "To succeed and obtain reargument, the moving party must demonstrate that the Court's decision was predicated upon a misunderstanding of a material fact or a misapplication of the law."[9]  "[A] motion for reargument is 'not a mechanism for litigants to relitigate claims already considered by the court[.]'"[10]

---

[5] Def. and Counterclaim Pl. N. Gold Hldgs., LLC's Mot. for Reargument of the Court's Sept. 20, 2023 Mem. Op. (Dkt. 199) ("Reargument Mot.") 6-7.

[6] Pls.' Opp'n to N. Gold Hldgs., LLC's Mot. for Reargument of the Court's Sept. 20, 2023 Mem. Op. (Dkt. 201) ("Pls.' Opp'n") 3.

[7] *Ramon v. Ramon*, 963 A.2d 128, 136 (Del. 2008) (quoting *Hessler, Inc. v. Farrell*, 260 A.2d 701, 702 (Del. 1969)).

[8] *ITG Brands, LLC v. Reynolds Am., Inc.*, 2022 WL 16825874, at *1 (Del. Ch. Nov. 7, 2022) (quoting *In re ML/EQ Real Est. P'ship Litig.*, 2000 WL 364188, at *1 (Del. Ch. Mar. 22, 2000)); *see also Manti Hldgs., LLC v. Authentix Acq. Co., Inc.* 2019 WL 3814453, at *1 (Del. Ch. Aug. 14, 2019) (observing that motions for reargument are "rarely fruitful").

[9] *Fisk Ventures, LLC v. Segal*, 2008 WL 2721743, at *1 (Del. Ch. July 3, 2008) (citation omitted), *aff'd*, 984 A.2d 124 (Del. 2009) (TABLE).

[10] *Sunrise Ventures, LLC v. Rehoboth Canal Ventures, LLC*, 2010 WL 975581, at *1 (Del. Ch. Mar. 4, 2010) (citation omitted), *aff'd*, 7 A.3d 485 (Del. 2010); *see Brace Indus. Contr., Inc. v. Peterson Enters., Inc.*, 2018 WL 3360584, at *1 (Del. Ch. July 10, 2018) (quoting *ML/EQ Real Est.*, 2000 WL 364188, at *1 (Del. Ch. Mar. 22, 2000)).

Northern Gold's contentions do not meet Rule 59's high bar.

Northern Gold avers that "[t]o the extent the Court stated that the Warrant Agreement superseded the Commitment Letter," it was in error "because the Warrant Agreement does not cover the same subject matter as the Commitment Letter [as] it does not include the material term/condition of the pre-emptive rights agreement."[11]  It further asserts that the "pre-emptive rights term/condition in the Commitment Letter was a material term for issuing Warrants and it cannot be ignored or not considered."[12]  In other words, Northern Gold believes that I misapprehended the law because, in its view, the Warrant Agreement does not supersede the Commitment Letter.  If that were so, Northern Gold would not have authorized the issuance of warrants to SIFT absent a preemptive rights agreement.

This argument was addressed and rejected in my Post-Trial Opinion.[13]  The Motion fails for that reason alone.[14]

---

[11] Reargument Mot. 6-7.

[12] *Id.*

[13] Post-trial Op. at 66 n.353 ("Northern Gold argues that other terms of the Commitment Letter were unmet: that there was no 'recapitalization of the Company' and that the 'Company, the Warrant holders and other members of the Company' did not 'enter into an agreement containing Co-Sale, Drag-along and Pre-emptive rights customary and consistent with transactions of this type.'  But the parties entered into the superseding Warrant Agreement.") (citation omitted).

The Motion must also be denied because my decision was not predicated on a misapprehension of facts. The Commitment Letter and the Warrant Agreement cover the same subject matter: the $10 million transaction with SIFT to purchase a promissory note with a warrant allowing SIFT to purchase 2.5% of the Company's units at an exercise price of $0.01 per unit.[15] The Warrant Agreement's silence on a "term/condition of the pre-emptive rights agreement" as contemplated by the Commitment Letter does not require a finding otherwise.[16]

The Commitment Letter "was expressly subject to future '[d]efinitive documentation' and 'ancillary documents . . . to be executed prior to disbursement of proceeds.'"[17] The May 2021 Consent also authorized the Company to enter agreements contemplated by the Commitment Letter "with such changes as the Member or Officer, as applicable, deem[ed] in his sole discretion advantageous to the Company."[18] It follows that the Company was permitted to enter into a

---

[14] *Nguyen v. View, Inc.*, 2017 WL 3169051, at *1 (Del. Ch. July 26, 2017) ("Where a motion for reargument 'merely rehashes arguments already made by the parties and considered by the Court when reaching the decision from which reargument is sought, the motion must be denied.'" (quoting *Wong v. USES Hldg. Corp.*, 2016 WL 1436594, at *1 (Del. Ch. Apr. 5, 2016))).

[15] JX 210; JX 1337.

[16] Reargument Mot. 7.

[17] Post-trial Op. 66 (citing JX 1643).

[18] JX 262 at 2.

superseding agreement that lacked pre-emptive rights, since the member or officer representing the Company was empowered to unilaterally make any advantageous changes to future agreements.

My conclusion was also not predicated upon a misunderstanding of the law. As explained in the Post-Trial Opinion, "where a new, later contract between the parties covers the same subject matter as an earlier contract, the new contract supersedes and controls that issue, if the two agreements conflict."[19] This is especially so where the later agreement (here, the Warrant Agreement) includes an integration clause.[20]

## III.  CONCLUSION

Northern Gold's Motion advances the same arguments it raised in its post-trial briefing, which were rejected in the Post-Trial Opinion. None of Northern Gold's arguments in the Motion demonstrate a misapprehension of the facts or law

---

[19] Post-Trial Op. 66 (citing *Cabela's LLC v. Wellman*, 2018 WL 5309954, at *4 (Del. Ch. Oct. 26, 2018)).

[20] *See id.*; JX 1394 § 4.9; *see also Bioveris Corp. v. Meso Scale Diagnostics, LLC*, 2017 WL 5035530, at *7 (Del. Ch. Nov. 2, 2017); *Country Life Homes, Inc. v. Shaffer*, 2007 WL 333075, at *5 (Del. Ch. Jan. 31, 2007) ("The new contract, as a general matter, will control over the old contract with respect to the same subject matter to the extent that the new contract is inconsistent with the old contract or if the parties expressly agreed that the new contract would supersede the old one.") (citation omitted).

regarding the Commitment Letter and the Warrant Agreement.  Northern Gold's

Motion is therefore denied.

<div style="margin-left: 40%;">

Sincerely yours,

*/s/ Lori W. Will*

Lori W. Will
Vice Chancellor

</div>

LWW/dmh
cc:  All Counsel of Record